# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTER TOWNSHIP OF CLINTON POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LPL FINANCIAL HOLDINGS INC., et al.,<br><br>Defendants. | Case No.: 16cv685 BTM(BGS)<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

Plaintiff Soft Drink and Brewery Workers Union Local 812 Retirement Fund (the "Retirement Fund") has filed a motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel. No competing motions were filed, and no opposition was filed. For the reasons discussed below, The Retirement Fund's motion is **GRANTED**.

## I. BACKGROUND

On March 22, 2016, Plaintiff Charter Township of Clinton Police and Fire

Retirement System commenced this action on behalf of itself and all others similarly situated.

This action is a securities class action on behalf of all purchasers of common stock of LPL Financial Holdings Inc. ("LPL") between December 8, 2015 and February 11, 2016, inclusive ("Class Period").

The Complaint alleges that during the Class Period, Defendants issued false and misleading statements and/or failed to disclose adverse information regarding LPL's business and prospects, artificially inflating common stock prices during the Class Period. The Complaint asserts claims for violations of section 10(b) of the Exchange Act, 17 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, as well as violations of section 20(a) of the Exchange Act, 17 U.S.C. § 78t(a).

## II. DISCUSSION

A. Lead Plaintiff Analysis

    1. Governing Law

Under the Private Securities Litigation Reform Act ("PSLRA"), no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff.[1]  15 U.S.C. § 78u-4(a)(3)(A)(i). Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.  Id.  Within 90 days after publication of the notice, the Court shall consider any motion made by a class member to serve as lead plaintiff.  15 U.S.C. § 78u-

---

[1] On March 22, 2016, Robbins Geller Rudman & Dowd LLP, published a notice advising the public of the nature of the lawsuit and the deadline for filing a motion to be appointed lead plaintiff. (Ex. C. to McCormick Decl.)

4(a)(3)(B)(i).

The Court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002).

The presumption that a plaintiff is the most adequate lead plaintiff may be rebutted only upon proof by a member of the purported plaintiff class that the plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

2. <u>Financial Interest</u>

The Retirement Fund believes that with its losses of approximately $78,902 in connection with its purchase of 12,500 shares of LPL common stock (Exs. A-B to McCormick Decl.), it has the largest financial interest in the relief sought by the class. Because no competing motions have been filed and no opposition has been filed, the Court has no basis for finding otherwise.

//
//
//

### 3. Typicality and Adequacy

Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Here, the Retirement Fund's claims are premised on the same types of misrepresentations and omissions and legal theories as the class claims. Both sets of claims allege that Defendants' fraudulent representations and omissions artificially inflated the price of LPL common stock during the Class Period, resulting in violations of the securities laws and damage to the plaintiffs. Accordingly, the "typicality" requirement has been satisfied.

Representation is "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d at 1020. It appears that the interests of the Retirement Fund are aligned with those of the other class members, and that the Retirement Fund is willing and able to serve as Lead Plaintiff. (Ex. A to McCormick Decl.) As discussed in greater detail below, the Retirement Fund's retained counsel, Robbins Gellar Rudman & Dowd LLP ("Robbins Gellar"), is experienced in the area of complex securities class action litigation, and the Court has no doubt that counsel will vigorously prosecute this action on behalf of the class. Therefore, the Retirement Fund is the presumptive Lead Plaintiff under the PSLRA.

No movant has come forward with proof rebutting the presumption that the Retirement Fund is the most adequate Lead Plaintiff. Accordingly, the Court appoints the Retirement Fund as Lead Plaintiff.

## B. Lead Counsel Analysis

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent

the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.  <u>Cohen v. U.S. Dist. Court</u>, 586 F.3d 703, 712 (9th Cir. 2009).

The Retirement Fund asks the Court to approve its selection of Robbins Gellar as Lead Counsel.  Robbins Gellar has litigated hundreds of securities class actions or large institutional-investor cases and has obtained substantial recoveries on behalf of investors in many cases. (Ex. D to McCormick Decl.)  The firm clearly has the expertise and the resources to adequately represent the class.  Therefore, the Court approves the Retirement Fund's choice of counsel and appoints Robbins Gellar as Lead Counsel.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Retirement Fund's motion to be appointed Lead Plaintiff.  The Court appoints Soft Drink and Brewery Workers Union Local 812 Retirement Fund as Lead Plaintiff in this class action.  The Court also **GRANTS** the Retirement Fund's motion for approval of lead counsel and appoints Robbins Geller Rudman & Dowd LLP as Lead Counsel.

**IT IS SO ORDERED.**

Dated: July 21, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court